# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMES YOUNG, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  CAUSE NO. 1:15-cv-00197-WCL-SLC<br>) |
| MEDICAL INFORMATICS ENGINEERING, INC., | )<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

This case was filed by Plaintiff James Young in the district court based on diversity jurisdiction in a class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (DE 1). The complaint alleges that Plaintiff Young "resides" in Indianapolis, Indiana and that Defendant Medical Informatics Engineering, Inc., "is a software developer" "that is headquartered at . . . Fort Wayne," Indiana. (DE 1 ¶¶ 5, 8). The complaint states that this Court has diversity jurisdiction over this matter because it "is a class action involving more than 100 class members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and many members of the class are citizens of states different from the Defendant." (DE 1 ¶ 9). Plaintiff further states in his complaint that venue is proper in this Court under 28 U.S.C. § 1391 because Defendant "is headquartered here and regularly transacts business here; and some of the Class members reside in this district." (DE 1 ¶ 10). Additionally, Plaintiff alleges that "[t]he causes of action for the putative Class Members also arose, in part, in this district." (DE 1 ¶ 10).

Plaintiff's complaint is inadequate with respect to diversity jurisdiction. First, it fails to

allege his citizenship. The "residency" of a plaintiff is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (alteration in original) (quoting *Guar. Nat'l Title Co.*, 101 F.3d at 58); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

"For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised of Plaintiff's citizenship, not residency.

As to Defendant, the complaint fails to allege whether Defendant is a corporation, a limited liability corporation, or some other form of organization. The distinction is important because for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. Corporations "are deemed to be citizens of the

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

2

state in which they are incorporated *and* the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). Therefore, if Defendant is a corporation, the Court needs to be informed of the location of its incorporation as well as its principal place of business.

Conversely, if Defendant is a limited liability company, the Court must be advised of the identity and citizenship of each of its members, as a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *see Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, Plaintiff is afforded up to and including August 14, 2015, to file an amended complaint that properly articulates the

citizenship of each party. Failure to do so may result in dismissal of this case under Federal Rule of Civil Procedure 12(b)(1).

SO ORDERED.

Enter for this 3rd day of August 2015.

                                                   S/ Susan Collins
                                                   Susan Collins
                                                   United States Magistrate Judge