## UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **JAMES YOUNG,** *on behalf of himself and all others similarly situated, et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Cause No. 1:15-cv-00197-RLM-SLC |
| **MEDICAL INFORMATICS ENGINEERING, INC.,** | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court in this case involving a data security breach is a Joint Motion to Stay Litigation Pending a Decision by the Judicial Panel on Multidistrict Litigation on Transfer and Consolidation or Coordination (DE 21) filed by the parties on September 25, 2015. In the motion, the parties request that the Court stay all proceedings in this case pending a decision by the Judicial Panel for Multidistrict Litigation on a motion for coordination and transfer under 28 U.S.C. § 1407 that has been made in a multidistrict litigation case, *In re: Medical Informatics Engineering, Inc. Customer Data Security Breach Litigation*, MDL No. 2667 ("MDL-2667").

As background, Plaintiffs filed this action against Defendant on July 29, 2015. (DE 1). The case concerns the data breach of Defendant's data systems by hackers between May 7, 2015, and May 26, 2015, in which the hackers stole the personal financial and protected health

information of individuals whose information was contained in Defendant's electronic health records. Also pending against Defendant are cases in other jurisdictions purportedly involving similar factual allegations, common questions of law and fact, and overlapping claims for relief. (DE 22 at 1). A plaintiff in one of these other cases, Terri Greulich, in the case *Greulich v. Medical Informatics Engineering, Inc.*, No. 3:15-cv-01750-L-MDD, in the United States District Court for the Southern District of California, has filed a motion for coordination and transfer under 28 U.S.C. § 1407 before the Judicial Panel on Multidistrict Litigation. The parties represent that this case has been noticed as a related action to MDL-2667, and the parties agree that a stay of all proceedings, other than continuing document preservation protocol discussions, is appropriate pending the Judicial Panel on Multidistrict Litigation's decision. (DE 21 at 2). The parties state that such a stay will not prejudice Plaintiffs, will save time and effort, and will prevent substantial hardship to Defendant, who would otherwise be forced to litigate complex issues simultaneously in this and the other related cases, even though the cases may ultimately be transferred. (DE 22 at 3-4).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In the context of multidistrict litigation, when a party submits a motion to the MDL Panel for transfer and consolidation, a court may exercise its discretion to stay discovery, postpone ruling on pending motions or generally suspend further rulings." *Azar v. Merck & Co., Inc.*, No. 3:06-cv-0579 AS, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358

2

(C.D. Cal. 1997); *Manual for Complex Litig.* § 20.131 (4th ed. 2004)). "When considering a motion to stay in this context, courts consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* (citing *Rivers*, 980 F. Supp at 1360). "The interest of judicial economy is often best served by staying preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." *Id.* (citing *Rivers*, 980 F. Supp. at 1362).

Here, Plaintiffs and Defendant jointly request the stay, and thus, there is no suggestion that a stay would prejudice either side. A stay will conserve judicial resources by avoiding duplicative litigation of common issues, and it also may prevent inconsistent rulings on the common issues. A decision on whether the cases will be transferred to the MDL is expected shortly, and thus, the stay will not excessively delay this matter. Accordingly, the Court finds that granting the requested stay will facilitate a just and expeditious resolution of this action. *See, e.g.*, *Estate of Ronald Hoholek v. Abbvie, Inc.*, No. 2:14-CV-405, 2014 WL 7205586, at *3 (N.D. Ind. Dec. 17, 2014) (granting a motion to stay pending transfer to an MDL); *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050-51 (N.D. Ind. 2008) (same); *Anderson v. Eli Lilly & Co.*, No. 4:08-CV-00014-AS-PRC, 2008 WL 1776470, at *1-2 (N.D. Ind. Apr. 16, 2008) (same); *Azar*, 2006 WL 3086943, at *1-2 (same).

The Joint Motion to Stay Litigation Pending a Decision by the Judicial Panel on Multidistrict Litigation on Transfer and Consolidation or Coordination (DE 21) is therefore GRANTED, and the proceedings in this action are STAYED until the MDL determination is entered. The Court ORDERS the parties to provide the Court with timely notice of any decision

by the MDL Panel regarding the transfer, consolidation, or coordination of the instant matter.

SO ORDERED.

Entered this 25th day of September 2015.

                                                  S/ Susan Collins
                                                  Susan Collins
                                                  United States Magistrate Judge