UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: MEDICAL INFORMATICS ENGINEERING, INC., CUSTOMER DATA SECURITY BREACH LITIGATION (MDL 2667) ) ) ) ) ) This Document Relates to All Cases ) ) | CAUSE NO. 3:15-md-02667-RLM-SLC |

OPINION AND ORDER

Before the Court is a stipulated protective order of confidentiality, filed jointly by the parties, who seek approval and entry of a proposed agreed protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 24-1). Because the proposed order is inadequate in several ways, the Court will not enter the proposed order.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same); *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. Instead it allows a party to designate material confidential if it "contains: (a) trade secrets, competitively sensitive technical, marketing, licensing, research and development, financial, sales or other proprietary or confidential business information; (b)

private or confidential personal information; (c) information received in confidence from third parties; or (d) information that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure." (DE 24-1 ¶ 2). The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid.[1] *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook, Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

In addition, paragraph 2 of the proposed order enables a party to designate information as

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). *See also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings, it requires a higher level of scrutiny.

confidential provided it "believes in good faith" that the information is "entitled to protection under Rule 26(c)(1)(G) . . . ." (DE 24-1 ¶ 2). But this is a "fudge" phrase that compounds the vagueness of the proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard*, 2003 WL 1702256, at *1 (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Another problem is that the proposed order allows documents that "contain" Confidential Information to be filed entirely under seal (DE 24-1 ¶¶ 2, 16), rather than solely protecting the actual Confidential Information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Additionally, the language in paragraph 15 of the proposed order is unclear. This paragraph provides the procedure to be followed in a situation where one party desires to disclose Confidential Information—over the objection of the producing party—to any person or category of persons who are not included in paragraph 8's approved categories for disclosure. In such a situation, paragraph 15 states that "the party desiring to make disclosure shall move this Court for an order that such person or category of person personally signs and dates the Endorsement of the Protective Order attached hereto and otherwise complies with Paragraph 7 above and such other terms as the Court may impose." (DE 24-1 ¶ 15). The Court is not inclined to order individuals outside of this lawsuit to sign an endorsement of the protective order if the

individuals refuse to sign. However, the language of this paragraph leads the Court to believe that perhaps the parties' intent was for the Court to rule that disclosure of Confidential Information to the person or category of persons at issue was permissible, so long as the persons receiving access to the Confidential Information sign the endorsement of the protective order. The Court will not enter a protective order containing such ambiguous language and therefore suggests that the parties clarify their intent in this paragraph when submitting a revised proposed protective order.

The next problem in the proposed order is paragraph 16's statement that the filing of any Confidential Information with the Court "shall comply with Local Rule 5-3 and shall be filed in sealed envelopes or other appropriate sealed containers . . . ." (DE 24-1 ¶ 16). Local Rule 5-3(c)(1) states, "[t]o file a sealed document . . . in a civil case, a party must file it electronically as required by the *CM/ECF User Manual*." N.D. Ind. L.R. 5-3(c)(1). Thus, the local rules expressly require sealed documents to be filed electronically. The parties shall not file Confidential Information with the Court in sealed envelopes or containers, which would be in contravention of the local rules, without express permission from the Court. *See* N.D. Ind. L.R. 1-1(c).

In addition, paragraph 20 of the proposed order states that "the Protective Order may be modified by consent of the parties in writing." (DE 24-1 ¶ 20). The terms of the protective order cannot be modified without the Court's approval. Any modifications to the terms of the protective order are subject to the same requirements for the Court's initial approval and entry of a protective order, specifically that good cause exists and that the various safeguards required by the Seventh Circuit are met. *See Shepard*, 2003 WL 1702256, at *2 (emphasizing that a

protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders").

Paragraph 20 of the proposed protective order further states that "[t]his Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties approved by the Court." (DE 24-1 ¶ 20). The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Another problem with the proposed order is that the parties' process for the return and destruction of Confidential Information does not provide an exception for the Court. A lengthy paragraph describes the process, which requires that "[w]ithin 30 calendar days of the conclusion of this MDL, including any appeals related thereto, all materials marked as 'Confidential' or 'Confidential Information – Attorneys' Eyes Only' shall be returned to the producing party or destroyed." (DE 24-1 ¶ 21). The Court does not return any documents that have been made part of the record.

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order, however, does not contain this language. In sum, "the public at large pays for the courts

and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945.

For these reasons, the Court will not enter the parties' stipulated protective order of confidentiality (DE 24-1). The parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 3rd day of February 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge